

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. K. L. Whelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-1930
Re: Stenographers - District Attor-
ney's office - County Attorney's
office, - County Judge's office.

Your request for opinion has been received and
carefully considered by this department. We quote from
your letter of request as follows:

"In a county the size of Johnson County,
population 35,317, has either the Commission-
ers Court or the official the right to employ
a stenographer for the following positions,
vix:

"District Attorney's office?
"County Attorney's office?
"County Judge?

"If so, to what fund should the salaries
be charged and what amount of salaries is al-
lowed by Statutes?"

Article 3902f, Revised Civil Statutes of Texas
reads as follows:

"Section 1. From and after January 1,
1936, in all Judicial Districts in this State
the District Attorney in each such District
shall receive from the State as pay for his
services the sum of Four Thousand Dollars
($4,000) per year, which said Four Thousand
Dollars ($4,000) shall include the Five Hun-
dred Dollars ($500) salary per year now allow-
ed such District Attorneys by the Constitution

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. L. Shelton, Page 2

of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of such District shall receive from the State as pay for his services the sum of Five Thousand Five Hundred Dollars ($5,500) per year, which said Five Thousand Five Hundred Dollars ($5,500) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State. Such salary shall be paid in twelve (12) equal monthly installments upon warrants drawn by the Comptroller of Public Accounts upon the State Treasury. Provided that nothing in this Act shall be construed so as to deprive District Attorneys of the expense allowance allowed or which may hereafter be allowed by law.

"Sec. 2. All monies heretofore appropriated by the Legislature to pay fees, salaries and per diem accounts of the officers named in this Act are hereby reappropriated for the purpose of paying the salaries fixed by this Act.

"Sec. 3. All fees, commissions and perquisites which may be earned and collected by District Attorneys affected by this Act shall be paid into the County Treasury of the counties in which such fees are earned for the account of the proper fund.

"Sec. 4. Nothing in this Act shall be construed to repeal or in any manner affect any law now in existence with reference to Assistant District Attorneys, Investigators or Stenographers in Judicial Districts included in this Act.

"Sec. 5. Nothing in this Act shall effect

Hon. E. L. Shelton, Page 3

Criminal District Attorneys whose district
is composed of only one (1) county."

The 18th Judicial District Court of Texas is
composed of Johnson, Bosque and Somervell Counties.
See Apportionment, Section 18, Article 199, Revised
Civil Statutes of Texas. We have ascertained from the
Comptroller's office that the District Attorney for said
judicial district receives his salary from the State of
Texas under Article 5886f.

After a most careful examination of the sta-
tutes we are unable to find any authority whereby either
the commissioners' court of Johnson County or the District
Attorney of the 18th Judicial District of Texas could
legally employ a stenographer for said District Attorney
and pay for same out of county or State funds.

In answer to your first question, you are re-
spectfully advised that it is the opinion of this depart-
ment that neither the commissioners' court of Johnson
County, Texas, nor the District Attorney of the 18th
Judicial District of Texas have authority to employ a
stenographer for said District Attorney and expend either
county or State funds for said purpose.

Article 3902, R. C. S., reads in part as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commission-
ers' Court of his county for authority to ap-
point such deputies, assistants or clerks, stat-
ing by sworn application the number needed, the
position to be filled and the amount to be paid.
Said application shall be accompanied by a state-
ment showing the probable receipts from fees,
commissions and compensation to be collected by
said office during the fiscal year and the pro-
bable disbursements which shall include all sal-
aries and expenses of said office; and said
court shall make its order authorizing the ap-
pointment of such deputies, assistants and clerks

Hon. K. L. Shelton, Page 4

and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:...."

Opinion No. O-1620 of this department, written by Hon. Lloyd Armstrong, Assistant Attorney General, holds that the County Attorney of Walker County, Texas, has no statutory authority to employ a stenographer. This opinion also holds that the term "stenographer" does not come within the classification of deputies, assistants or clerks as mentioned in Article 3902, Revised Civil Statutes of Texas. This opinion also cites the case of Casey vs. State, 289 SW 428, which holds that "stenographic help" is not allowable under Article 3899, Revised Civil Statutes of Texas, as "actual and necessary expenses of the County Attorney." This opinion expressly stated that it did not pass on the question of whether or not a "clerk" could be hired by the County Attorney of Walker County, Texas, as that question was not before the department and that whether or not an "office helper" was a clerk would depend upon the kind and character of duties performed by the individual. Opinion No. O-1874 of this department, written later by Hon. Ardell Williams, Assistant Attorney General, holds that when the County Attorney of Liberty County, Texas, complies with the terms of Article 3902, Revised Civil Statutes of Texas, a clerk may be appointed for said county attorney and that it is within the discretion of the commissioners' court to determine whether or not the duties to be performed by the person employed constitute the duties of a clerk.

We are unable to find any statutory authority which would authorize either the commissioners' court of Johnson County, Texas, or the County Attorney of Johnson County, Texas, to employ a stenographer for said county attorney and pay for same out of county funds. Your second question is therefore answered in the negative.

You state in your letter that Johnson County, Texas, has a population of 53,517 according to the last preceding Federal Census. Therefore, the officers' salary law is applicable to Johnson County, Texas.

Subdivision (a) of Section 13 of Article 3912e, Revised Civil Statutes of Texas, applicable to counties having a population of twenty thousand (20,000) inhabitants or more and less than one hundred and ninety thousand (190,000) inhabitants, according to the last preceding Federal Census, is applicable to Johnson County, Texas, and reads as follows:

"(a) The commissioners' court may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1200.00) Dollars per year."

Opinion No. O-1449, written by Hon. Dick Stout, Assistant Attorney General, of this department holds that the County Judge in counties with a population of 20,000 inhabitants or more and less than 190,000 inhabitants according to the last preceding Federal Census may employ a stenographer with the approval of the commissioners' court at a salary not to exceed $1,200.00 per annum.

In answer to your third question, you are respectfully advised that it is the opinion of this department that the County Judge of Johnson County may, with the approval of the commissioners' court of said county, employ a stenographer at a salary not to exceed the sum of $1,200.00 per annum and payable out of the general

Hon. K. L. Shelton, Page 6


fund of the county.

We enclose herewith copies of opinions Nos.
O-1620, O-1674 and O-1449, which contain full discussions
of the matters to which they relate.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURES


APPROVED FEB 27, 1940

ATTORNEY GENERAL OF TEXAS

